UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TARANTINO PROPERTIES, INC. § | |
| § | |
| v. § | C.A. NO.   4:19-CV-00834 |
| § | |
| COMMERCIAL INSURANCE GROUP, § | |
| WESTCHESTER SURPLUS LINES § | |
| INSURANCE CO., AND ALL RISKS, LTD § | |

## DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE CO.'S NOTICE OF REMOVAL

Defendant Westchester Surplus Lines Insurance Co. gives notice of removal of this civil action from the 120TH Judicial District Court, Harris County, Texas, to this Court:

1. This Notice of Removal is timely filed under 28 U.S.C. §1446(b) within 30 days from February 6, 2019, which is the date on which counsel for Westchester Surplus Lines Insurance Co. ("Westchester") agreed in writing with Plaintiff's counsel to accept service of process of Plaintiff's First Amended Original Petition with the answer and removal deadlines running from that date.

2. This action is one of a civil nature for damages caused by alleged wrongful acts of Defendants in quoting insurance coverage and/or investigating and determining coverage available under a policy of insurance as to Plaintiff's 2017 flood loss claim for commercial property in Harris County, Texas.

3. Westchester removes this case to federal court because complete diversity of citizenship exists among the parties and the matter in controversy exceeds $75,000 excluding interest and costs thus giving rise to original federal court jurisdiction under the provisions of 28 U.S.C. §1332.

4. Plaintiff Tarantino Properties, Inc. is a citizen of the State of Texas, having been incorporated in Texas with its principal place of business located in Texas.

5. Defendant Westchester Surplus Lines Insurance Co. is a citizen of a foreign state, having been organized under the laws of the state of Georgia with its principal place of business in Pennsylvania.

6. Defendant All Risks, Ltd. ("All Risks") is a corporation and citizen of a foreign state, having been incorporated in Maryland with its principal place of business in Maryland.

7. Defendant Acrisure, LLC d/b/a Commercial Insurance Solutions Group ("Acrisure") is a limited liability company and citizen of a foreign state, having been organized under the laws of the State of Michigan and whose sole member, and owner of 100% of its equity, is Acrisure Intermediate, Inc. ("AI"). AI is a citizen of a foreign state having been incorporated in Delaware with its principal place of business in Michigan.

8. Defendant Commercial Insurance Group, LLC ("CIG") is, upon information and belief, a citizen of a foreign state. CIG is a limited liability company organized under the laws of the State of Colorado. Upon information and belief, no member of CIG is a citizen of Texas.

9. Defendants All Risk and Acrisure consent to the removal of this action. Defendant CIG need not consent to this removal and its citizenship should be disregarded because CIG is an improperly joined defendant against whom Plaintiff is unable to establish a cause of action in state court. *See Boone v. Citigoup Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Plaintiff named CIG in error which may already be arguably conceded by Plaintiff in its Second Amended Petition (attached hereto) which states that it choose CIG and/or Acrisure to handle its insurance matters. As established by Defendant Acrisure's verified answer to Plaintiff's First Amended Original

Petition (attached hereto), Acrisure was the retail insurance agent for Plaintiff with respect to the Policy at issue. The proper defendant—Acrisure—has since appeared in this case. No reasonable basis exists to predict that Plaintiff might be able to recover against CIG, and Plaintiff improperly maintains suit against CIG.

10. The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

11. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

12. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

13. Plaintiff demanded a jury trial in the state court suit.

14. Pursuant to Local Rule 81, Defendant attaches the following:

    1) All executed process in the case;

    2) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    3) All orders signed by the state judge;

    4) The docket sheet;

    5) Civil Cover Sheet;

    6) An index of matters being filed; and

    7) A list of all counsel of record, including addresses, telephone numbers and parties represented.

Defendant, Westchester Surplus Lines Insurance Co., requests that the above-described action now pending in the 120TH Judicial District Court, Harris County, Texas be removed to this Honorable Court.

Respectfully submitted,

**PREIS PLC**

By: */s/ Frank A. Piccolo*
FRANK A. PICCOLO
Federal No.: 30197
Texas Bar No.: 24031227
**PREIS PLC**
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129
Email: fpiccolo@preisplc.com

**ATTORNEY-IN-CHARGE**

OF COUNSEL:

CAROLINE T. WEBB
Federal No.: 613260
State Bar No. 24051497
ALASDAIR A. ROBERTS
Federal No.: 1197204
State Bar No. 24068541
**PREIS PLC**
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129
Email: cwebb@preisplc.com
   aroberts@preisplc.com

**COUNSEL FOR DEFENDANT**
**WESTCHESTER SURPLUS LINES**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record in this proceeding in accordance with the Federal Rules of Civil Procedure on this the 8th day of March 2019.

                                                */s/ Frank A. Piccolo*
                                                Frank A. Piccolo