9/11/2018 2:17 PM
Chris Daniel - District Clerk Harris County
Envelope No. 27423150
By: Nelson Cuero
Filed: 9/11/2018 2:17 PM

CAUSE. _____

| | | |
|---|---|---|
| TARANTINO PROPERTIES, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| COMMERCIAL INSURANCE GROUP, LLC | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE CO, AND ALL RISKS, LTD, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiff, Tarantino Properties, Inc. (hereinafter referred to as "**Plaintiff**" or "**Tarantino**"), files this Original Petition complaining of Defendant, Commercial Insurance Group, LLC ("**CIG**"), Westchester Surplus Lines Insurance Co., ("**Westchester**") and All Riskss, Ltd., ("**All Risks**")(hereinafter collectively referred to as "Defendants") and in support thereof, would respectfully show unto the Court as follows:

### I. DISCOVERY LEVEL

1.      This case presents a Level 2 discovery plan as that term is used under the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 47, and as pleaded below, Plaintiff seeks equitable and monetary relief over $1,000,000.00.

### II. PARTIES

2.      Plaintiff Tarantino Properties, Inc. is a Texas Corporation with its principal place of business located at 7887 San Felipe, Houston, Texas 77063.

3.      Defendant Commercial Insurance Group, LLC is a Foreign Corporation, organized and doing business in Dallas, Texas. Defendant may be served with process by delivering this petition together with the Citation to its registered agent for service at 1999 Bryan

Street, Suite 900, Dallas, Dallas County, Texas or wherever he/she may be found.  <u>Service on Commercial Insurance Group, LLC, however, is unnecessary at this time because its counsel, Michael W. Moran at Jackson Walker, LLP has agreed to accept service of process</u>.

4. Defendant, Westchester Surplus Lines Insurance Co.'s home office is located at 500 Colonial Center Parkway, Suite 200, Roswell, Georgia 30076.  Westchester Surplus Lines Insurance Co., does not maintain a registered agent for service of process in this State.  Service may be effected under Section 17.045(a) of the Texas Civil Practice & Remedies Code by delivering the Citation to the Secretary of the State of Texas who, in accordance with Section 17.044 of the Texas Civil Practice & Remedies Code is now the registered agent for service of process.  The address for that service is 1019 Brazos Street, Austin, Texas 78701.

5. Defendant, All Risks Ltd is a Foreign Limited Partnership doing business in Houston, Harris County, Texas.  All Risks, Ltd., may be served with citation by delivering a copy of the same to CT Corporation System, its Registered Agent, at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201-3136.

### III.  RULE 47 CLAIMS FOR RELIEF

6. This lawsuit involves claims for breach of contract, fraud and violations of the Texas Insurance Code, in addition to its actual damages, Plaintiff seeks to recover exemplary damages, attorney's fees and costs. The monetary relief sought by Plaintiff is in excess of $1,000,000.00 and are within the jurisdictional limits of this Court.

### IV.  JURISDICTION AND VENUE

7. Jurisdiction is appropriate in this District Court as the claims and causes of action alleged exceed the minimum jurisdictional limits of this Court.

8. Venue is proper in Harris County as Harris is the County in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. CPRC § 15.002(a)(1). Harris County is also proper as Plaintiff's claims and causes of action arise out of a written contract executed and performable in Harris County, Texas.

## V.  CONTROL GROUP

9. Whenever in this pleading it is alleged that any Defendant did any act or thing, it is meant that such Defendants and/or their agents, servants or representatives did such act or thing, and that at the time such act or thing was done, it was done with Defendant's full authorization and ratification, or it was done in the normal and routine course and scope of employment with such Defendant and/or its agents, servants or representatives, whether actual or apparent.

## VI.  BACKGROUND

10. Plaintiff, Tarantino Properties, Inc., among other things, acts as a property manager for various commercial properties. One of the tasks that Tarantino handles is the engagement, when necessary, of an insurance broker to locate insurance for those properties. During all times relevant to this dispute Tarantino chose Commercial Insurance Group, LLC ("**CIG**") to do accomplish that mission.

11. Significantly, CIG had affirmatively solicited Tarantino to utilize its services. To induce the representation, CIG represented that it was "a full service commercial insurance and Risks management firm" and that CIG was motivated toward "… protecting the asset and increasing the return". Tarantino reasonably relied upon the expertise of CIG in handling its insurance needs and in protecting the assets in the portfolio that it managed. CIG ultimately selected Westchester and All Risks to provide coverage for a portion of the insurance.

12. It is common for an insurance broker to prepare a proposal based upon information provided by the underwriter to outline the coverages that have been located. CIG presented Tarantino with a proposal that illuminated the significant terms (the "**Proposal**"). As is relatively common in commercial insurance, the Proposal explained that the first $2.5MM of property coverage was being shared between Lloyds of London and Westchester Surplus Lines Insurance Co. on a 55%/45% split.

13. Tarantino also asked for flood coverage for the properties and understood that some properties may have different restrictions than others. The Proposal therefore provided a flood sublimit of $2.5MM for the properties with a deductible of $100,000 except for certain properties located in Special Flood Hazard Area ("**SHFA**") Zones A or V. In this particular case the property at issue – Park on Vista – is located at 201 Vista, Pasadena, Texas and was not in SFHA Zones A or V. Please see the map depicted below:



14.     In reliance upon the Proposal, and the various representations made by CIG, Tarantino approved the purchase of an insurance policy through CIG. That policy was eventually evidenced by Policy Number B1230AP05078A17 and the endorsement for the Park on Vista Apartments correctly reflected a $2.5MM flood coverage with a $100,000 deductible (the "**Policy**"). The certificate entitled "Evidence of Commercial Property Insurance" issued by CIG pursuant to the Policy was consistent with the Proposal. Tarantino had every reason to believe that the assets were protected as CIG had advertised. Neither Westchester, All Risks nor CIG made any effort to otherwise inform Tarantino.

15.     On or about August 25, 2017, Hurricane Harvey made landfall in the Greater Houston Area bringing tremendous rain and flooding to the region. The Park on Vista Apartments sustained considerable damage from the rising water and there is no controversy that those damages were well in excess of the $2.5MM sublimit. The entire property eventually had to be vacated and the restoration process took months. Therefore, Tarantino made a claim under the Policy and expected to receive the $2.5MM sublimit less the applicable deductible or $2.4MM. Tarantino had every reason to believe that the claim would be timely resolved.

16.     Lloyds of London – who is not a party to this litigation -- clearly understood the Policy, and the duty to timely resolve the claim, in the same way as Tarantino. In fact, Tarantino did promptly receive $1,320,000 from Lloyds of London, which was its 55% of the sublimit amount. Westchester, which also was liable for its share, which is 45% of the sublimit, or $1,125,000, did pay two payments toward that sublimit in the amounts of $225,000 and $80,722.76 respectively, for a total of $305,722.76. Nevertheless, Westchester has not paid the balance due of $774,277.24, has wrongfully extended the claims settlement process.

17. CIG has not taken appropriate efforts to assist Tarantino in the resolution of this claim. The failure of CIG to get Westchester/All Risks to pay the claim is a breach of the Policy and a violation of the Texas Insurance Code.

18. Pursuant to Section 541.154 of the Texas Insurance Code, Tarantino made demand upon CIG, Westchester and All Risks on July 3, 2018, giving them notice as follows:

   a. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to make, issue or circulate or cause to be made, issued, or circulated and estimate, illustration, circular or statement misrepresenting with respect to a policy to be issued (i) the terms of the policy; or ii) the benefits or advantages promised by the policy;

   b. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to make, publish, disseminate, circulate, or place before the public or directly or indirectly cause to be made, published, disseminated, circulated, or placed before the public an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

   c. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by: (i) making an untrue statement of material fact; (ii) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (iii) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (iv) making a material misstatement of law; or (v) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

19. Despite demand, CIG, Westchester and All Risks have failed and refused to respond.

20. For these violations, Tarantino is authorized to bring a private cause of action under Section 541.151 of the Insurance Code for its damages. A party who prevails in an action under the Insurance Code may recover the amount of actual damages (as of this filing, no less

than $774,277.54), plus court costs and reasonable attorney's fees; an order enjoining the act or failure to act; and any other relief the court determines is proper. On a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages. Tarantino further brings causes of action for fraud and breach of contract.

## VII. CAUSES OF ACTION

*a.* ***Fraud and Fraudulent Inducement***

21. Tarantino incorporates the foregoing paragraphs as if fully set forth.

22. Tarantino asserts causes of action for fraud and fraudulent inducement. In this regard, CIG made material representations to Taranto in the scope of its commercial enterprise and business and for the purpose of causing Tarantino to rely on same. Moreover, once CIG voluntarily conveyed this, and other information, which was false or misleading and that would influence Tarantino, then CIG was under a duty to disclose the whole truth regarding the voluntarily conveyed information.

23. CIG either intentionally or recklessly failed to perform as promised, resulting in a transaction in which Tarantino would have certainly been "better off" had CIG done what it promised it would do. In fact, the failure to do as promised caused substantial damage to Tarantino and resulting damage to the property. Each of CIG's representations was material because they were important to Tarantino in making its decision to accept the Proposal, and Policy. CIG's representations to Tarantino were false and CIG knew, or should have known, such representations were false, or that such representations were made recklessly as a positive assertion without knowledge of the truth or regard to the truth.

24. Tarantino relied on CIG's representation to its detriment, thus entitling Tarantino to damages, and recovery of the special damage needed to restore Tarantino its original position and as necessary to make it "whole." Tarantino seeks recovery of any actual, compensatory or special damages or expenses incurred as a result of thereof, including, without limitation, recovery of attorney's fees and costs.

25. Tarantino is further entitled to recovery of attorney fees, expert witness fees, litigation costs and costs of court, as well as punitive or exemplary damages, regardless of the remedy.

      b.     *Breach of Contract*

26. Tarantino incorporates the foregoing paragraphs as if fully set forth.

27. Tarantino asserts this cause of action for breach of contract against CIG, Westchester and All Risks. Tarantino performed as required; however, CIG, Westchester and All Risks failed to comply with its obligations and duties pursuant to its agreement with Tarantino. As a result, Tarantino has suffered substantial damage, and seeks recovery of any actual, general, compensatory, or special damages or expenses incurred as a result of thereof, including, without limitation, recovery of attorney's fees and costs. In addition, Tarantino also seeks to recover all consequential damages, including lost profits, damages for loss of use, all other damages and penalties, as well as damages related to expectancy, reliance, restitution, benefit-of-the-bargain and/or out of pocket damages. Further, Tarantino seeks to recover its attorney's fees, costs, expenses, and pre and post-judgment interest as allowed by law proximately caused by CIG's, Westchester's and All Risks' breach.

      c.      ***Violation of the Texas Insurance Code.***

28.    Tarantino incorporates the foregoing paragraphs as if fully set forth.

29.    CIG, Westchester and All Risks knowingly and intentionally engaged in unfair and deceptive acts or practices in the business of insurance, as follows:

    a.    Making, issuing, circulating or causing to be made, issued, or circulated and estimate, illustration, circular or statement misrepresenting with respect to a policy to be issued (i) the terms of the policy; or ii) the benefits or advantages promised by the policy;

    b.    Making, publishing, disseminating, circulating, or placing before the public or directly or indirectly cause to be made, published, disseminated, circulated, or placed before the public an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

    c.    Misrepresenting an insurance policy by: (i) making an untrue statement of material fact; (ii) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (iii) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (iv) making a material misstatement of law; or (v) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

30.    Pursuant to Section 541.151 of the Texas Insurance Code, a person, such as Plaintiff, who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied

20160450.20180503/3118863.1

9

on the act or practice to the person's detriment. In a lawsuit filed under Chapter 541, any Plaintiff who prevails may obtain:

   a. the amount of actual damages, plus court costs and reasonable and necessary attorneys' fees;
   b. an order enjoining such acts or failure to act complained of; or
   c. any other relief the court deems proper; and
   d. on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.

31. Tarantino seeks the amount of actual damages, plus court costs and reasonable and necessary attorneys' fees. Moreover, because CIG, Westchester and All Risks knowingly committed the act complained of, Tarantino further seeks an amount not to exceed three times the amount of actual damages.

## VIII. EXEMPLARY DAMAGES

32. Tarantino incorporates the foregoing paragraphs as if fully set forth.

33. Tarantino's injuries complained of herein resulted from the knowing, reckless, intentional, willful and grossly negligent acts, errors and omissions of CIG, Westchester and All Risks. The wrongs done by CIG, Westchester and All Risks are such that the law allows the imposition of exemplary and punitive damages. CIG's, Westchester's and All Risks' conduct and misrepresentations were specifically intended to induce Tarantino into relying upon such conduct and misrepresentations, which Tarantino did to its detriment, and such fraudulent conduct and misrepresentations were intended to cause, and did cause, substantial injury to Tarantino. Accordingly, Tarantino seeks, and is statutorily entitled to recover, exemplary and punitive damages against CIG, Westchester and All Risks in an amount determined by the trier of, and as otherwise may be provided by law.

## IX. ATTORNEYS' FEES AND COST

34. Tarantino incorporates the foregoing paragraphs as if fully set forth.

35. By virtue of the aforementioned claims, Tarantino was required to engage the undersigned firm of attorneys and has agreed to pay the same a reasonable attorney's fee. Tarantino sues for all such sums as are incurred herein and through any stage of appeal of this matter pursuant to Chapter 38 of the Civil Practices and Remedies Code and the Texas Property Code, or as otherwise may be provided by law.

## X. CONDITIONS PRECEDENT

36. All conditions precedent to Tarantino's right to bring this suit and to recover have been performed, waived or have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer, and prays that upon trial of this cause Plaintiff be awarded a judgment against each Defendant, jointly and severally, as follows:

(i) For damages, including and without limitation, statutory, actual, general, compensatory, special, damage for injury to personal property, damage for injury to real property, economic, consequential, lost profit, loss of use, expectancy, reliance, restitution, benefit-of-the-bargain and/or out of pocket damages;

(ii) For punitive and/or exemplary damages;

(iii) For consultant and expert witness fees, costs of court and all such other sums as are recoverable; and

(iv) For pre- and post-judgment interest on any amounts recovered herein at the highest lawful rate;

(v)     For recovery of the attorneys' fees incurred herein and through any appeal of this matter;

(vi)    For such other and further relief to which this Court deems Plaintiff justly entitled.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/*Eric Lipper*
    Eric Lipper
    State Bar No. 12399000
    elipper@hirschwest.com
    Melissa Nicholson Sternfels
    State Bar No. 24037181
    msternfels@hirschwest.com
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    Telephone:  713.220.9181
    Facsimile:   713.223.9319

**ATTORNEYS FOR PLAINTIFF
TARANTINO PROPERTIES, INC.**