**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TARANTINO PROPERTIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-834 |
| | § | |
| COMMERCIAL INSURANCE GROUP, | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE CO., and ALL RISKS, LTD., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING ATTORNEY'S FEES

Tarantino Properties sued Commercial Property Group, Westchester Surplus Lines Insurance Co., and All Risks, Ltd in state court, alleging contract breach and violations of the Texas Insurance Code based on damage that a Tarantino property allegedly sustained during Hurricane Harvey. (Docket Entry No. 1-5 at 1). The defendants removed. (Docket Entry No. 1). Westchester has moved for an order denying Tarantino attorney's fees under Texas Insurance Code § 542A.007(d). (Docket Entry No. 9). Tarantino responded, Westchester replied, and the court heard the arguments of counsel. (Docket Entry No. 21, 22).

Section 542A.007(d) provides:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

TEX. INS. CODE § 542A.007(d). Under § 542A.003(b)(2), "not later than the 61st day before" filing an action under Texas Insurance Code Chapter 542A, the plaintiff must give the defendant written

notice of "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property."

Tarantino admits that it did not give Westchester notice under § 542A.003(b)(2) until December 14, 2018, long after it sued Westchester on September 11, 2018. (Docket Entry No. 21 at 1–2). Westchester timely moved for an order denying Tarantino attorney's fees within 30 days of answering Tarantino's petition, as required by § 542A.007(d). (Docket Entry No. 9 at 1). As a result, Tarantino may not recover "attorney's fees incurred after [April 3, 2019,] the date [Westchester] file[d] the [motion] with the court." TEX. INS. CODE § 542A.007(d).

Tarantino argues that it was unable to timely notify Westchester because Tarantino did not know Westchester's address. (*See* Docket Entry No. 21 at 2). Tarantino "amended its petition on December 13, 2018 to include the proper service address for Westchester," and then Tarantino gave the requisite notice to Westchester on December 14. (*Id.*). Tarantino contends that it was not required to notify Westchester because the action was automatically abated in November 2018 after defendant All Risks informed the state court that Tarantino had also failed to give it adequate notice under § 542A.003. *See* TEX. INS. CODE § 542A.005(c) (providing for an automatic abatement if the defendant files a plea verifying that the plaintiff failed to give it notice under § 542A.003). Tarantino argues that an order denying attorney's fees encourages dilatory plaintiffs to voluntarily dismiss the suit, give notice, and refile, which would delay and increase the cost of litigation. (Docket Entry No. 21 at 5).

The plain text of the pertinent Code sections forecloses Tarantino's arguments. Section 542A.007(d) conditions attorney's fees solely on whether the plaintiff timely gave the defendant presuit notice under § 542A.003(b)(2), which Tarantino concedes it failed to do. There are no

equitable exceptions to this requirement. Nor is there an exception based on an abatement that automatically goes into effect *after* the suit was filed, an exception which would undermine the presuit notice required by § 542A.003 and incentivized by the loss of attorney's fees under § 542A.007(d). The district-court authority cited by Tarantino concerns the presuit-notice requirements under 542A.003, not the denial of attorney's fees under § 542A.007(d). *See Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755 (S.D. Tex. 2018).

The court grants Westchester's motion. (Docket Entry No. 9). Tarantino may not recover attorney's fees incurred from litigating against Westchester after April 3, 2019.

SIGNED on May 3, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge
